BEEZER, Circuit Judge,
dissenting:
I am unable to join the opinion of the court. Our precedents provide a consistent standard for the review of decisions by the NLRB. Although the correct standards appear in the Court’s opinion, a different standard is applied in the evaluation of the record made by the ALJ and NLRB.
I respectfully dissent.
I
The administrative law judge found that the General Counsel failed to meet his burden under Wright Line, Inc., 251 *925 NLRB 1083 (1980). Wright Line requires the General Counsel prove that anti-union animus was a substantial or motivating factor in the decision to subcontract the Respiratory Care Department. The ALJ’s finding was affirmed by the National Labor Relations Board. We review the NLRB determination for substantial evidence and accord great deference to the ALJ and NLRB’s motive and credibility determinations, as well as any inferences they drew from the evidence. See New Breed Leasing Corp. v. NLRB, 111 F.3d 1460, 1464-65 (9th Cir.1997) (“[T]he [NLRB] is particularly capable of drawing inferences from the facts of a labor dispute” and “the Board is to be accorded special deference in drawing derivative inferences from the evidence”) (internal citations omitted); Retlaw Broadcasting Co. v. NLRB, 53 F.3d 1002, 1006 (9th Cir.1995) (“Credibility determinations by the ALJ are given great deference, and are upheld unless they are inherently incredible or patently unreasonable.”) (internal citations omitted); Lippincott Ind., Inc. v. NLRB, 661 F.2d 112, 116 (9th Cir.1981) (“[W]e must be mindful that the determination of motive is particularly within the purview of the NLRB.”).
II
St. Vincent presented ample evidence that the Respiratory Care Department was experiencing significant management and performance problems. Faced with quality problems in other departments, the evidence showed the St. Vincent had successfully alleviated problems by subcontracting out the departments. St. Vincent also presented testimony and evidence that the decision to subcontract the medical services performed by the Department was based, in this instance, on these performance issues and unrelated to an increase in union activity. Our precedent instructs that we “must affirm where the relevant evidence is such that ‘a reasonable mind might accept [it] as adequate to support a conclusion — even if it is possible to draw a contrary conclusion from the evidence.’ ” Recon Refractory & Construction Inc. v. NLRB, 424 F.3d 980, 986 (9th Cir.2005) (internal citation omitted). Ignoring this rule, the opinion of the court discards the ALJ’s reasonable finding that the evidence supports a conclusion that St. Vincent was acting in conformity with past practice in an attempt to fix the Department’s undisputed management and quality problems in favor of an alternative finding that supports its chosen outcome for the case.
There was no direct evidence of anti-union animus presented by the General Counsel. The entirety of the General Counsel’s case was the coincident timing of St. Vincent’s decision to subcontract. The ALJ considered this timing sequence and stated that, “I find and conclude that while the evidence is clear that Respondent had ample knowledge of the union activities and sympathies [it] is insufficient to conclude that the ‘timing’ of the Union’s activities here preponderates in favor of the result desired by Counsel for the General Counsel.” . The ALJ came to this conclusion, not by refusing to consider the suspicious nature of the timing, but by balancing the evidence of the timing of the decision against all other evidence in the record. The ALJ noted that there were no prior charges filed against St. Vincent, no independent violations of Section 8(a)(1) of the Act, and no evidence that St. Vincent treated employees interested in union organizing differently than other employees. Analyzing the evidence as a whole and weighing the asserted justification for subcontracting against its suspicious timing, and in light of the lack of history of anti-union activity, the ALJ found St. Vincent’s justification credible. The ALJ’s finding, based on inferences drawn from circumstantial evidence, is to be accorded *926 special deference and cannot be reversed without a finding that the ALJ’s inferences were “inherently incredible or patently unreasonable.” New Breed Leasing Corp., 111 F.3d at 1464-65.
The opinion of the court gives this finding no deference and simply replaces with its own contrary inference of animus based on the same evidence of suspicious timing noted and rejected by the ALJ and Board. Rather than examine the record as a whole the opinion of the court ignores all evidence in the record favorable to management considered by the ALJ and relies solely on timing to reverse the ALJ and Board’s decisions. See Cal. Pac. Med. Ctr. v. NLRB, 87 F.3d 304, 307 (9th Cir.1996) (“[t]he substantial evidence tests requires ... a review of the whole record”). The precedent created by this finding is that where management’s actions coincide temporally with union activity a reasonable fact-finder is compelled to find anti-union animus without regard to other evidence in the record. This holding is contrary to our precedents and contrary to the cases relied upon by the opinion of the court to support its conclusion. See E.C. Waste, Inc. v. NLRB, 359 F.3d 36, 41 (1st Cir.2004) (holding suspicious timing and “myriad violations of § 8(a)(1)” was substantial evidence supporting Board’s finding of animus); Power, Inc. v. NRLB, 40 F.3d 409, 418 (D.C.Cir.1994) (holding that coincident timing and uncontested § 8(a)(1) violations was sufficient evidence to support Board’s finding). The only evidence in the record beside the timing, St. Vincent’s spotless record of working with unions and union organizers, is sufficient to support the ALJ and Board’s finding. The opinion of the court’s failure to consider this evidence is contrary to Ninth Circuit precedent. See Universal Camera Corp. v. NLRB, 340 U.S. 474, 487-88, 71 S.Ct. 456, 95 L.Ed. 456 (1951) (stating that the Act definitively precludes review based solely on select pieces of evidence and ignoring “evidence from which conflicting inferences could be drawn”).
Likewise, the opinion’s reliance on NLRB v. Joy Recovery Tech. Corp., 134 F.3d 1307, 1314 (7th Cir.1998) for the proposition that coincident timing requires a reasonable fact finder to conclude that anti-union animus was a motivating factor, highlights the faulty reasoning of the opinion and its failure to properly apply Ninth Circuit precedent. In Joy Recovery, the court noted that the timing of a decision to close a department could be seen either as suspicious, in light of the recent union activity, or a reasonable business decision in light of the department’s recent difficulties. The court stated that the timing “supports both sides.” Id. The opinion of the court’s refusal to recognize, in this case, that the timing of the subcontracting decision “supports both sides” where there is evidence of coincident union activity and escalating management problems exemplifies the results oriented analysis employed by the opinion.
Reasonable minds may disagree about whether the concurrent timing of the subcontracting decision and the increased union activity is sufficient evidence that anti-union animus was a substantial factor in the subcontracting decision. I do not agree that ignoring the agency’s view of the facts and evidence is an adequate basis for us to reverse the ALJ and NLRB’s decision. “A reviewing court may not displace the NLRB’s choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo. ” Retlaw Broadcasting Co., 53 F.3d at 1005.